

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARK C. WILHELM, | No. 16-35532 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-00276-TOR |
| v. | |
| U.S. DEPARTMENT OF THE NAVY BOARD FOR CORRECTION OF NAVAL RECORDS; RICHARD V. SPENCER, Secretary of the Navy; JAMES N. MATTIS, Secretary of the Department of Defense | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, Chief Judge, Presiding

Submitted March 15, 2018**
San Francisco, California

Before: FERNANDEZ, MCKEOWN, and FUENTES,*** Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Julio M. Fuentes, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

Mark C. Wilhelm appeals the District Court's dismissal of his Constitutional and Administrative Procedure Act claims against the U.S. Department of the Navy Board for Correction of Naval Records ("Board"), Richard V. Spencer. and James N. Mattis (collectively, "Defendants"). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The District Court dismissed Wilhelm's Constitutional claim because it concluded that the claim was barred by the statute of limitations. We need not address whether Wilhelm's Constitutional claim is in fact barred by the statute of limitations because we agree with the Defendants that Wilhelm has waived his claim. In his opening brief, Wilhelm does not argue that the Defendants violated his Constitutional rights. Instead, he explains that his Administrative Procedure Act claim is his sole focus, stating that he "asks *only* that the [Board] recognize that [a] form of legalized discrimination existed and then to weight whether or not [he] should now have his record corrected." Appellant's Brief at 15 (emphasis added). Furthermore, in his Reply brief, Wilhelm does not take issue with the Defendants' assertion that he has abandoned his Constitutional claim. Accordingly, we conclude that Wilhelm has waived his Constitutional claim. *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[O]n appeal, arguments not raised by a party in its opening brief are deemed waived.").

We turn then to Wilhelm's claim under the Administrative Procedure Act.

The Board's decision to decline to change records "'can be set aside if [it is] arbitrary, capricious, or not based on substantial evidence.'" *Guerrero v. Stone*, 970 F.2d 626, 628 (9th Cir. 1992) (quoting *Chappell v. Wallace*, 462 U.S. 296, 303 (1983)). In this case, the Board's decision was not arbitrary or capricious. Even though the Board incorrectly stated that Wilhelm was not charged with any violations relating to alleged homosexual acts, its decision was supported by other considerations. Significantly, as the Board noted, Wilhelm pled guilty to charges unrelated to his sexual orientation, including making false official statements, wrongfully appropriating property and engaging in conduct unbecoming an officer. *See* Excerpts of Record at 102. Additionally, the Board appropriately requested and considered the advisory opinion from the Office of the Judge Advocate General. *See* 32 C.F.R. §§ 723.3(e)(4), 723.6(c), 723.8(b)(2).

**AFFIRMED.**